GRISBAUM, Judge.
This is a retaliatory discharge case involving an injured worker seeking recovery under our anti-discrimination statute, Louisiana Revised Statute 23:1361. From a judgment finding discriminatory discharge under Louisiana Revised Statute 23:1361 and awarding plaintiff recovery provided by the statute of one year’s earnings ($17,-062.83, together with interests and costs from date of judicial demand) and attorney fees ($2500), defendant takes this suspen-sive appeal. The plaintiff answered the appeal seeking an increase in attorney’s fees, along with an increase in the amount of earnings to include insurance premiums paid by the employer on behalf of the plaintiff in the amount of $1425.65, plus profit sharing bonuses of $820. We amend, and as amended, affirm.
Initially, we are called upon to determine whether the trial court erred in finding that the employee had been discriminatorily discharged.
Louisiana Revised Statute 23:1361, in pertinent part, states:
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year’s earnings, together with a reasonable attorney’s fee.
Under our statutory scheme, we will determine whether there was a reasonable, factual basis for the trial court’s determination that the discharge of this employee was because the employee asserted a claim for his compensation benefits. The defendant (employer) presented the testimony of Mr. Gondolfi, Mr. Blake, and Mr. Hodgson who stated that the discharge of employees who sue the company is no longer company policy. Additionally, Mr. Gondolfi testified *49 that the plaintiff (employee) was placed on a leave of absence because of his occupational injury and further that the plaintiff was terminated because his leave of absence had expired and an employee who does not then return to work after one year is terminated. He stated that the leave of absence occurred on July 8, 1981 and that the plaintiff was terminated on February 28, 1983.
The record indicates the trial judge, in his reasons for judgment, stated:
After hearing the evidence it is clear to the court that it was indeed the policy of Pellerin Milnor Corporation to fire any employee who filed a lawsuit against the company. It is equally evident to the Court that this was the basis upon which Andrew L. Collier was terminated from his employment with the company.
The Court is not convinced that the plaintiff was terminated because of the expiration of his leave, inasmuch as the plaintiff had not requested and was not granted a “leave of absence” as indicated in the company manual.
The Court therefore, finds that Andrew Collier, the plaintiff in this matter was terminated in violation of R.S. 23:1361 and is entitled to one year’s earnings in the amount of $17,067.83, and to an additional $2,500.00 for attorney’s fees.
We note in the 1978 employee handbook, which was used during the plaintiff’s employment, there was the provision that employees who filed suit against the company would be fired. Although the employer maintains that in November 1981, which was prior to the plaintiff’s termination, this provision was excluded from the revised handbook, we note the record indicates this revised handbook was not actually printed and used. Therefore, we view this unwritten new policy did not (in fact) amend the old discriminatory policy, especially without a showing that the plaintiff and other employees were aware of this new policy.
Regarding the contention that the plaintiff was placed on a one-year leave of absence and that the company terminated him only after it received a medical report indicating he was capable of returning to work, we find, as the trial court found, that the employee was never formally placed on a leave of absence but rather was only notified of that fact, along with a concurrent notification of termination. Significantly, the termination occurred one and one-half years after the employer claimed the employee was placed on a leave of absence, rather than the policy time limit of one year. Coincidentally, the decision to ultimately terminate the employee came just four months after the employee had filed his suit for worker’s compensation.
In view of the preceding record facts, we find the trial judge had a reasonable, factual basis for his finding; therefore, we cannot say he was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Finally, we are called upon to determine whether the trial court erred by not including insurance premiums paid by the employer on behalf of the plaintiff and profit-sharing bonuses as earnings. We note that counsel stipulated the insurance premiums paid on the plaintiff’s behalf in 1982 were $1677.24, and the profit-sharing bonus the plaintiff would have been entitled to in 1983 was $820. We also note, in plaintiffs brief, his concession that the appropriate figure for the insurance premiums should be $1425.65, instead of the $1677.24 figure since the employer only paid 85 percent of the stipulated figure.
Louisiana Revised Statute 23:1361(C) states:
a civil penalty which shall be the. equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of discharge, as the case may be, but not more than one year’s earnings, together with a reasonable fee.
Our jurisprudence in interpreting what constitutes “earnings” states in Richmond v. Weiss & Golding, Inc., 124 So.2d 601 (La. App. 3d Cir.1960) and Smith v. State of Louisiana, Department of Highways, 370 *50 So.2d 1295 (La.App. 3d Cir.1979) that bonuses, as well as wages, are to be considered in computing earnings under the Workmen’s Compensation Statute.
In Richmond, the court cited 2 Larson, Workmen’s Compensation Law (1952), section 60.12, which states:
In computing actual earnings as the beginning point of wage basis calculations, there should be included not only wages and salary but anything of value received as consideration for the work, such as tips and bonuses.
The Richmond court also cited Malone, Louisiana Workmen’s Compensation (1951), section 329, page 446, which states:
Any money paid the employee which can be regarded as remuneration or reward for his services should be included in fixing his compensation, irrespective of whether or not the payment was in the form of wages.
Considering the stipulation entered into by counsel just prior to the start of the trial of this matter and our jurisprudential interpretation of the definition of “earnings,” we find the trial court erred in not including the profit-sharing bonus which would have been payable in the amount of $820 to Mr. Collier in 1983 as part of the earnings he would have been entitled to had he not been discharged. However, with regard to the claimed amount of insurance premiums, a reading of the record does not indicate what the paid insurance premiums related to; therefore, we cannot address the question of whether they constituted a form of remuneration or earnings.
The record finally reflects the district judge awarded the plaintiff $2500 for attorney’s fees. The plaintiff has answered the appeal and requested an increase in this award to the sum of an additional $1000 for further work on this appeal. Our jurisprudence is clear in stating that the amount of attorney’s fees is based on the attorney’s time, skill and effort and rests largely within the discretion of the district judge. From the record before use, we find the trial judge’s award for attorney’s fees was more than adequate. Additionally, the record before use does not give us a reasonable basis for increasing that award.
For the reasons assigned, the judgment of the trial court is amended by increasing its award of earnings to an additional amount of $820. In all other respects, the judgment of the trial court is affirmed; all costs of this appeal are to be assessed against the appellant.
AMENDED AND AFFIRMED.