471 So.2d 704 (1985)
Myron DUCOTE
v.
J.A. JONES CONSTRUCTION COMPANY and Aetna Life & Casualty Insurance Company.
No. 85-C-0073.
Supreme Court of Louisiana.
June 17, 1985.
John T. Bennett, Marksville, for applicant.
Eugene J. Sues, Thomas Brocato, Gold, Little, Simon, Weems & Bruser, Alexandria, for respondents.
BLANCHE, Justice.
This is a retaliatory discharge case involving an injured worker seeking recovery under our anti-discrimination statute, La. *705 R.S. 23:1361.[1] The trial court found in favor of the plaintiff and awarded him $24,585.60 (wages for one year) and $2,500.00 attorney's fees as well as expert witness fees of $150.00. The Third Circuit Court of Appeal reversed this decision finding that the plaintiff failed to prove that he was fired because he filed a workman's compensation claim. 459 So.2d 191. We granted writs to review the judgments of the lower courts. 463 So.2d 1313.
On March 30, 1983, the plaintiff was working as a carpenter for J.A. Jones Construction Company at the Lock and Dam Project No. 1 Job Site in Catahoula Parish. Sometime between 9:00 a.m. and 10:00 a.m. on that day, the plaintiff picked up a heavy oak board. He began to experience a burning sensation in the bottom portion of his stomach. He kept working, but his stomach continued to hurt. After a short time, he went to his foreman, Terrell Lachney, and told Lachney that "he wasn't feeling goodthere was something wrong with his stomach".[2] Lachney asked Ducote if he wanted to go home. Ducote replied that he did and the plaintiff left the job site. Lachney then went to his supervisor, James Pennington, the general foreman for the entire project, and reported that Ducote had gone home because he was sick.
Later that afternoon, the plaintiff's stomach began to swell and the pain in his stomach increased. At about 8:30 p.m. that same night, Ducote called Lachney at home and told the foreman that he had injured himself when he lifted the board. Ducote also said that he planned to go to the doctor the next day. Lachney told the plaintiff to report the injury to Walter McDaniel, the safety engineer.[3]
Ducote went to the job site to report the injury about noon the next day because he had been unable to reach McDaniel by phone earlier that morning. McDaniel asked the plaintiff why the injury had not been reported on the day that it occurred. Ducote testified that he told McDaniel that the injury had not been reported because he (Ducote) did not know at that time "what he had". Ducote asked McDaniel if the company would pay for his doctor's bills. McDaniel said that he would have to check with Ducote's foreman and would get back in touch with the plaintiff.
When McDaniel had not contacted the plaintiff by the next morning, Ducote went back to the job site and found McDaniel. McDaniel told the plaintiff to wait in his truck while McDaniel went to check with Lachney. Ducote testified that when McDaniel returned, he told the plaintiff that if the claim was turned in to the insurance company he "would be terminated." Ducote then testified that he asked McDaniel what would happen if the plaintiff did not go to the doctor or did not turn in any medical bills. McDaniel said that Ducote would still need to bring a written release stating that he was able to return to work.
McDaniel testified at trial that although he did not remember the exact date, Ducote did inform him that he had sustained an injury while lifting a board at work. *706 McDaniel testified that the plaintiff said his reason for not telling Lachney that he was injured immediately after the accident was because he was ashamed to make a report that he had been injured. McDaniel insisted that Ducote was fired for the failure to report his on-the-job injury immediately as required by the company's safety policy.
The plaintiff went to the doctor on the second day after the incident and was diagnosed as having a hernia. Ducote filed a workman's compensation claim and received benefits until June 7, 1983 when he was released from the doctor's care. On April 8, 1983, upon the recommendation of McDaniel, the plaintiff was terminated from his job with J.A. Jones Construction Company by its project manager, Donald Jones, for refusing to follow orders or instructions and violations of safety rules. Plaintiff then filed this suit pursuant to La.R.S. 23:1361 alleging unlawful discrimination for being terminated because he filed a workman's compensation claim.
On appellate review, the trial court's factual findings in workmen's compensation cases are entitled to great weight. Crump v. Hartford Accident and Indemnity, 367 So.2d 300 (La.1979). Reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. This is because of the trial court's better capacity to evaluate live witnesses as compared with the appellate court's access to only a cold record. Cadiere v. West Gibson Products Co., 364 So.2d 998 (La.1978).
The trial court ruled in favor of the plaintiff and stated in its reasons for judgment that:
It is the finding of this court that the plaintiff was deliberately fired by defendant because he filed a workman's compensation claim. This court will not permit a company's policy to fire a worker for filing a workman's compensation claim under the guise of terminating him because he failed to report an injury timely. It should be noted that plaintiff in fact reported the injury immediately on the job and later that night from his home by telephone.
The court of appeal reversed the trial court's judgment holding that the plaintiff failed to prove by a preponderance of the evidence that Ducote was fired in retaliation for filing a compensation claim. That court found that the plaintiff's testimony indicated that he knew that morning that the pain which he experienced in his stomach was related to the on-the-job injury. The plaintiff further testified that he had been told on many occasions to report injuries immediately and that his failure to do so would result in dismissal.[4] As Ducote failed to report the job-related injury promptly, he was in violation of the company safety rules. The defendant had grounds to terminate the employee and the plaintiff failed to prove that the termination of employment was some sort of retaliatory action by the employer.
While there is evidence in the record which supports the court of appeal's position that the firing of the employee was for a violation of a safety rule and not in retaliation for filing a compensation claim, we cannot say that the trial judge's factual *707 findings in this case were clearly wrong as there was evidence in the record to support his conclusion that the violation of the safety rule was used merely as an excuse to fire the plaintiff. The testimony of the plaintiff indicated that as soon as he felt the burning sensation in the bottom of his stomach, he told his foreman that he was not feeling good and that something was wrong with his stomach. While it is true that the plaintiff did not tell the foreman at that time that the problem was related to having picked up a heavy board, the testimony indicated that the plaintiff "did not know what he had" had that time. The trial judge evidently believed that when Ducote left work on the morning in question, the plaintiff thought he was sick and not injured. The plaintiff simply did not know that there was any injury to report when he left the job site that morning. It was not until later that afternoon when his stomach began to swell that he realized that he was seriously injured. Once he realized that he had a serious problem, the plaintiff called his foreman and reported exactly what happened to himalbeit not during actual working hours as required by the company safety rule.
The purpose of La.R.S. 23:1361 is to prevent unjust dismissals and to allow employees to exercise their right to workman's compensation benefits without fear of retaliatory action by their employer. An employer cannot simply invent a violation of a safety rule or stretch the facts of a situation out of context so he has an excuse for firing an employee who has made a compensation claim. While the company's policy of requiring injuries to be reported immediately after they occur is a valid one, it is unfair to fire an employee simply because the injury did not manifest itself before the end of the working day. The plaintiff reported the accident as soon as he realized that he was seriously injured. He could not be expected to do more.
The trial court was of the opinion that any violation of the company's safety rules merely provided the defendant with an excuse to fire the plaintiff and that Ducote was deliberately fired for filing a workman's compensation claim. As the evidence reveals that Ducote reported the injury as soon as it manifested itself and that he was told by McDaniel that he would be fired if he made a claim with the insurance company for his medical expenses, we can not say that the trial court is clearly wrong in this determination. The court of appeal should not have substituted its judgment for the trial court as there was a reasonable basis in the record for the trial court's decision. We therefore reverse the court of appeal decision and reinstate the judgment of the trial court.

DECREE
The judgment of the court of appeal is reversed and the judgment of the trial court is reinstated.
COURT OF APPEAL REVERSED, TRIAL COURT JUDGMENT REINSTATED.
NOTES
[1] La.R.S. 23:1361 states in pertinent part:

B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.
[2] The plaintiff did not tell Lachney that the pain he was feeling was in any way connected with lifting the board.
[3] Lachney reported the contents of the phone conversation to McDaniel when he saw McDaniel the next day.
[4] The evidence indicates that the J.A. Jones Construction Company had a strict safety policy. An inter-office memorandum dated May 30, 1980, introduced into evidence at trial set forth the safety rule that "All accidents will be reported to employee's supervisor or foreman when they occur. The supervisor or foreman will notify the safety engineer of this accident before the end of that working day.... [f]ailure of the employee to report an accident during the same day will result in the employee's termination." The employees were told when they were hired that this rule must be strictly adhered to by all personnel. The rule was also stressed in the weekly safety meetings. The reasons for the requirement of the prompt reporting of injuries was to lower the chances of further injuries by calling immediate attention to potentially dangerous conditions. The testimony at trial was that it was company policy to automatically fire employees who did not adhere to this safety rule. McDaniel gave the names of two former employees who had been fired for violating this rule.