HERBERT A. CADE, Judge Pro Tern.
Ross Hill brought suit seeking disability benefits under the workers compensation act, R.S. 23:1031, against his employer, H. Rault Locksmith, and United States Fidelity and Guaranty Company. He alleged, and at trial he testified, that he injured his back January 31 or February 1, 1986, while attempting with a co-worker to load a fifteen foot long iron skid onto his employer’s truck:
... we dragged the skid out, dragged it alongside of the truck and Norman and I together put one of the ends of the skid against the truck and he held it there while I climbed up on the truck. And I grabbed the end he was holding and he went on the other end and he pushed and I pulled.
I had it between my legs, was straddling it while he was pushing it. Norman’s a sickly person and he’s not that strong. And usually takes, like I say, three people_ So, it got stuck. We used a lot of four by fours to brace it up. And some way it ... got jammed on a four by four and I raised up to pull it and I did like this (demonstrating).... when I climbed down the truck, I told Norman, I said, ‘I think I hurt my back.’ ... It was ... just a sharp pain, you know, and made me raise up like that (demonstrating).
Hill testified that his employer arrived to assist in moving the skid soon afterward, that he then told his employer of his injury, and that his employer at first agreed but later refused to arrange for a medical examination, leaving him to do so on his own. Hill’s co-worker testified to the same effect. Hill testified that he attempted to continue work for several weeks after the accident, but that he has otherwise not been able to work, and could not work as of November 24, 1986, the date of trial.
Hill’s employer took the stand to testify that he personally supervised and assisted in moving the skid from the beginning, and that Hill did not mention hurting his back on that day or any other day until late April, 1986. He testified Hill was laid-off in mid-February because there was no work to be done.
Hill’s hospital records were admitted into evidence; they reveal that Hill was first treated for complaints of back pain on February 22, 1986, when various medications and “strict bed rest” were prescribed. He returned five days later complaining of continued pain and reaction to the medication. Possible nerve root involvement was assessed and his medication was changed. March 11,1986 his condition was diagnosed as “possible disk problem or sciatic nerve problem.” Bed rest was again directed. A final visit in July indicates that Hill is to “avoid heavy manual labor.” On each occasion Hill attributed his injury to “lifting iron” at work. Defendants did not have Hill examined by a physician and introduced no medical evidence. The trial court found Hill temporarily totally disabled from February 1, 1986, and entered judgment accordingly.
We are asked to find this judgment manifestly erroneous. Defendant argues that injury did not, in fact, occur; that if injury did occur it was not, in fact, disabling; or that if Hill was initially disabled his disability did not continue beyond March of 1986.
*636 It readily appears the trial court was required to evaluate conflicting testimony. The trial court chose, after observing and hearing the witnesses, to believe Hill and Hill’s co-worker and not to believe Hill’s employer. Unlike the trial court, this court does not sit as a trier of fact. Evidentiary evaluations and inferences drawn therefrom must be respected if reasonable. Given the medical evidence we cannot say the trial court’s choice was not reasonable; nor is it within our scope of appellate review to impose a different choice, though it might also be reasonable. See Ducote v. J.A. Jones Construction Co., 471 So.2d 704, 706 (La.1985); Crump v. Hartford Accident and Indemnity, 367 So.2d 300 (La.1979); Cadiere v. West Gibson Products Co., 364 So.2d 998 (La.1978). The trial court’s factual findings are supported by the evidence and are not manifestly wrong.
The judgment is affirmed.