COVINGTON, Chief Judge.
Stacey L. Freeman, plaintiff-employee, appeals the summary judgment granted in favor of K & B, Inc. (K & B), defendant-employer, dismissing her claim of wrongful dismissal under LSA-R.S. 23:1361(B). K & B has a policy of allowing a maximum of 90 days leave of absence for its employees. Ms. Freeman was injured and disabled in a job related accident on or about January 17, 1985. K & B put her on leave of absence, thereby allowing a 90 day recovery period. She was discharged by her employer on May 1, 1985, allegedly for failure to return to work. We find that a Summary Judgment was inappropriate in that there are sufficient issues involved in these circumstances to warrant a trial.
La.R.S. 23:1361(B) provides in part:
No person shall discharge an employee from employment because of said employee having asserted a claim for bene *701 fits under the provisions of [the worker’s compensation laws].
The purpose of this statute is to allow employees to seek worker’s compensation without fear of retaliatory dismissal by their employer. An employer can not use a policy or, as in Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985), a safety regulation as an excuse for firing a claimant employee.
There is some evidence that raises the issue as to K & B’s motives in firing Ms. Freeman. A note contained in the record states:
Personnel,
Ms. Freeman was hurt on the job. She has not been checking with the store. I feel like she should be. I would recommend a disapproved L.O.A. & terminate her.
Gomez 056
The wording of this note indicates that perhaps K & B was using its leave of absence policy to validate its actions in terminating Ms. Freeman for other reasons.
K & B’s leave of absence policy should also be scrutinized. Is this a valid policy or merely an attempt to circumvent the intent of the statute? Under such a policy, it would appear that a more seriously injured employee would be afforded less protection than an employee with a minor injury. While the less seriously injured employee can return to work after only a few days recovery, an employee whose injury requires more than 90 days recovery would not have a job to which he or she could return.
The statute does provide that an employer may discharge an “employee who because of injury can no longer perform the duties of his employment.” This language is subject to two interpretations. One, that the employer can terminate an injured employee as soon as that employee is injured because of his or her inability to perform the duties required by the job. Two, that an employer can terminate an employee once it has been established that the employee will not be able to perform required duties even after maximum medical recovery. The first interpretation would completely negate any protection provided by the statute if the employee could be terminated as soon as an injury rendered him disabled. The second interpretation is much more logical when considering the purpose of the entire statute.
In Moore v. McDermott, Inc., 494 So.2d 1159 (La.1986), a case cited by employer, the injured employee was out for over 160 days before being terminated by McDer-mott on the day he was purportedly able to return to work. This was deemed a wrongful dismissal and Mr. Moore was entitled to civil penalties.
A Fifth Circuit Case, Turner v. Winn Dixie, 474 So.2d 966 (La.App. 5 Cir.1985), also dealt with a claimant who had been out due to his injury for a number of months. Mr. Turner had injured his back in November, 1981, and was released by his doctor to return to work August 16, 1982. However, Winn Dixie had placed Turner on medical leave, a leave the court noted Turner did not request. A letter dated September 10, informed Mr. Turner that his employment was being terminated as “Quit without notice” due to his “failure to contact the company or report for work following the expiration of your Leave of Absence on July 15, 1982....”
K & B erroneously notes that the issue in Turner dealt with whether or not claimant was notified of when he was to return to work. However, the court stated that the letters to plaintiff from defendant ...
‘show that plaintiff was ostensibly terminated for failure to report to the company, and failure to keep the company appraised [sic] of his physical condition.... plaintiff was in contact with Winn Dixie through its agent Golus and its attorney, and Winn Dixie was supplied with medical information on Turner as late as August, 1982-’
(Emphasis added.)
The court concluded that the reasons given by Winn Dixie could not be the reasons for dismissal due to the contact plaintiff had with defendant, and held that plaintiff was *702 entitled to penalties and attorney’s fees under La.R.S. 23:1361.
The case at bar presents a claimant who was placed on leave of absence not by her own request but that of her employer. Although she was still under a physician’s care, she was terminated once the leave of absence expired.
For these reasons, we conclude that the district court erred in granting defendant’s motion for summary judgment. The judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.
LeBLANC, J., concurs.
SAVOIE, J., concurs in the result only.