YELVERTON, Judge.
Henry Mayo appeals the dismissal of his claim based on an alleged retaliatory discharge. Mayo sued alleging a violation of La.R.S. 23:1361(B), which makes it unlawful to fire an employee for asserting a claim for Louisiana worker’s compensation benefits. Mayo sought a monetary civil penalty because of the discharge, as provided by subsection (C) of the statute. After a trial the district judge rejected Mayo’s demands and dismissed his suit. The judge found that the worker’s compensation claim and Mayo’s firing had nothing to do with each other and that this was not, on the facts, a violation of the statute. We affirm.
Mayo, a laborer for Tricil Environmental Response, Inc., sometime in September 1986 was exposed to chemical fumes on the job, and as a result slipped off a vacuum truck and hurt himself. He reported the accident to Carlos Garcia, the assistant manager of his employer, complaining of an injury to his lungs, and Garcia sent him to Dr. Allen C. Richert of Sulphur, Louisiana. After seeing him four or five times Dr. Richert on September 25, 1986, a Friday, gave him a release saying that he could return to work on September 29, *96 1986, the following Monday. The day he got the release Mayo took it to the office and gave it to Garcia.
Mayo did not report to work on Monday, September 29. Garcia expected him to be there and when he failed to show up, Garcia called his home. Mayo told him on the telephone that he did not feel like working that day. Garcia then made a call to Dr. Richert, and another call to Tricil’s home office in Canada. Afterwards he called Mayo back and told him that if his failure to report to work had anything to do with the accident, it was company policy to require a doctor’s excuse. He told Mayo to get a doctor’s excuse if he intended to stay off work.
When Garcia heard nothing further from Mayo, on the following Friday, October 3, he fired him, confirming it by a letter sent by certified mail dated October 9. Although properly addressed, this letter was returned to the sender undelivered.
On October 13 Mayo went to the company office with a statement from a chiropractor saying that he was being treated for a back injury. Garcia testified that he told Mayo at that time that he was already fired. He testified that Mayo did not request reinstatement and that reinstatement was not considered.
More than five months later, on March 19, 1987, Mayo filed a claim for worker’s compensation benefits. That case was settled and later the present suit based on a retaliatory discharge was filed.
The burden of a claimant urging retaliatory discharge under La.R.S. 23:1361 is to prove by a preponderance of the evidence that he was discharged from his job for the reason that he asserted a claim for Louisiana worker’s compensation benefits. Moore v. McDermott, Inc., 494 So.2d 1159 (La.1986). In order to prove a claim under La.R.S. 23:1361, a plaintiff must prove not merely that he was discharged because of his injury, but also that he was discharged because he asserted a claim for worker’s compensation benefits. Locksey v. Capitol Manufacturing Company, 517 So.2d 1102 (La.App. 3rd Cir.1987), writ den. 519 So.2d 106 (La.1987).
On this appeal plaintiff relies entirely on Moore v. McDermott, Inc., supra. In that case the supreme court said that the principal factual issue in a retaliatory discharge case is whether defendant company fired the plaintiff because he asserted a worker’s compensation claim rather than for some other reason. The court found in Moore that (1) the plaintiff asserted a worker’s compensation claim; (2) he was fired from his job on the very day he purportedly had been told he was medically and physically capable of returning to work; and (3) most significantly, the company’s division personnel administrator testified that compensation claimants were consistently treated differently from other employees missing only one day of work. The Moore court found that there had been a retaliatory discharge.
In the present case, Mayo had made no claim for compensation benefits before he was fired, and he did not make a claim until March 19, 1987, more than five months after he was discharged in October of 1986. Also, he was not fired on the same day he was told that he was medically able to return to work, but a week later, after he had been requested to supply his employer with other medical evidence that he was unable to work. A third major distinction between the present facts and the Moore case, is that there was no evidence at all that Tricil treated compensation claimants any differently from other employees who simply missed work.
On appellate review, the trial court’s factual findings in workmen’s compensation cases are entitled to great weight. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. This is because of the trial court’s better capacity to evaluate live witnesses as compared with the appellate court’s access to only a cold record. These principles of appellate review apply to retaliatory discharge cases. Ducote v. J.A. Jones Construction Co., 471 So.2d 704 (La.1985).
*97 For the foregoing reasons we affirm the trial court’s finding that the defendant company did not fire Mayo because he asserted a worker’s compensation claim. The lawsuit was properly dismissed. The appellant is to pay the costs of appeal.
AFFIRMED.