577 So.2d 350 (1991)
Gerard J. CAHILL
v.
FRANK'S DOOR AND BUILDING SUPPLY COMPANY, INC., et al.
No. CA 90 0048.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Granted June 14, 1991.
*351 J. Donald Cascio, Denham Springs, for plaintiff-appellee Gerard J. Cahill.
Henry G. Terhoeve, Baton Rouge, for defendants-appellants Frank's Door and Bldg. Supply Co., Inc., et al.
Before EDWARDS, WATKINS and LeBLANC, JJ.
EDWARDS, Judge.
Plaintiff, Gerard J. Cahill, filed suit against his employer, Frank's Door and Building Supply Company, Inc., alleging that he had been wrongfully discharged for having asserted a claim for Louisiana Worker's Compensation benefits, in violation of LSA-R.S. 23:1361(B), and seeking damages pursuant to LSA-R.S. 23:1361(C). The trial court awarded judgment in favor of the plaintiff in the amount of $9,152 (wages for one year) and $5,000 for attorney fees, together with legal interest and the costs of the proceeding. The defendant appealed and assigned error to the trial court's conclusion that plaintiff's discharge was unlawful under LSA-R.S. 23:1361. Finding that the trial court was manifestly erroneous, we reverse.[1]

FACTS
Defendant, Frank's Door and Building Supply Company, Inc., manufactures and sells prehung door units and building material supplies. Plaintiff was employed by the defendant in October, 1985. He worked in the shipping and receiving department through December, 1985, at which time he began working as a helper in the woodworking department, mainly "cleaning up and catching materials" falling behind the equipment.
On approximately January 31, 1986, plaintiff was injured when he stuck his hand into an operating gang saw. Plaintiff testified that the person under whom he was working told him to clean the sawdust out of the gang saw. He testified that he did not realize the saw was running when he stuck his hand inside of it to clean it. He also testified that he did not know how to turn the saw off, because no one had ever shown him how. Dr. Joe A. Morgan treated the plaintiff's injuries and released him to return to work in March, 1986. Plaintiff testified that when he returned to work at that time, he was told he was no longer needed. He then filed the instant retaliatory discharge action.

APPLICABLE LAW
LSA-R.S. 23:1361(B) provides:
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from *352 discharging an employee who because of injury can no longer perform the duties of his employment.
The purpose of LSA-R.S. 23:1361 is to prevent unjust dismissals and to allow employees to exercise their right to worker's compensation benefits without fear of retaliatory action by their employers. Ducote v. J.A. Jones Construction Company, 471 So.2d 704, 707 (La.1985). Plaintiff bears the burden of proving, by a preponderance of the evidence, that he was discharged from his employment for having asserted a claim for worker's compensation benefits. Moore v. McDermott, Incorporated, 494 So.2d 1159, 1162 (La.1986).[2] In Moore, 494 So.2d at 1162, our Supreme Court noted the difficulty in meeting this burden of proof, since the employer will rarely admit that the employee is being fired for filing a compensation claim. However, an employer cannot simply invent a violation of a safety rule or stretch the facts of a situation out of context so that he has an excuse for firing an employee who has made a compensation claim. Ducote, 471 So.2d at 707. Therefore, recovery for wrongful discharge is granted when the court finds that the employer has presented a mere "guise" as his rationale for firing the employee. See Ducote, 471 So.2d 704; Guye v. International Paper Company, Inc., 488 So.2d 1108 (La.App.2d Cir.1986); Collier v. Pellerin Milnor Corporation, 463 So.2d 47 (La.App. 5th Cir. 1985).

APPLICATION OF LEGAL PRECEPTS
At trial, plaintiff established that he was injured in an accident while in the course and scope of his employment. He received benefits and medical expense payments through the Office of Worker's Compensation during the period of his disability, which terminated in March, 1986, when his treating physician released him to return to work. Plaintiff also established that he was fired from his employment at Frank's Door after the accident. Mr. Frank Paul Dispensire, owner of the defendant company, admitted that the plaintiff was fired subsequent to the accident, but denied that such discharge was in retaliation for plaintiff's asserting a claim for worker's compensation benefits. Dispensire testified that the sole consideration involved in the decision to fire plaintiff was safetyplaintiff's own safety, and that of the other employees. After the accident, Dispensire had a conference with Mr. Baroni, plaintiff's supervisor at the time of the accident, and they discussed the accident in full detail. They concluded that plaintiff's actions (sticking his hand into an operating gang saw) rendered him unfit to be around the machinery and, due to plaintiff's own safety and the safety of the other employees, a decision was reached to terminate plaintiff's employment.
In order to grant recovery for wrongful discharge within the scope, intent, and meaning of LSA-R.S. 23:1361, there must be direct evidence in the record that defendant fired plaintiff for having asserted a claim for benefits, or a preponderance of evidence which proves that the explanation given by the defendant is merely a guise for a retaliatory discharge.
In its reason for judgment, the trial court accepted as true Mr. Dispensire's explanation regarding the decision to fire the plaintiff. This finding is accorded great deference, since it is based on a determination regarding the credibility of witnesses, and only the trial court is aware of variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. Esco, 549 So.2d 840, 844 (La.1989).
The trial court believed the employer's explanation, and we find no manifest error in that determination.[3]
*353 However, since the requisite proof in granting recovery pursuant to LSA-R.S. 23:1361 is lacking, we find error in the trial court's action in awarding judgment in plaintiff's favor.
Accordingly, we reverse. Plaintiff is assessed with all costs of the trial court and of this appeal.
REVERSED.
NOTES
[1] Since we reverse, we need not address defendant's second assignment of error regarding the award for legal interest.
[2] Moore v. McDermott is also found at 481 So.2d 602 (La.1986).
[3] After the accident, plaintiff's employer, Dispensire, assessed plaintiff's employment from a safety standpoint and made the decision to terminate him. Our law places an affirmative duty on employers to protect employees by furnishing a safe work environment. See LSA-R.S. 23:1361. Nothing in our law requires that an unsafe employee be given a second chance simply because he is injured and has a worker's compensation claim.