590 So.2d 53 (1991)
Gerard J. CAHILL
v.
FRANK'S DOOR AND BUILDING SUPPLY COMPANY, INC. et al.
No. 91 C 0955.
Supreme Court of Louisiana.
December 2, 1991.
Joseph D. Cascio, Denham Springs, for applicant.
Henry G. Terhoeve, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for respondents.
WATSON, Justice.
Plaintiff, Gerard J. Cahill, was injured while employed by defendant, Frank's Door and Building Supply Company, Inc. After collecting compensation benefits, Cahill was released by his physician to return to work. Frank's refused Cahill's attempted return for "safety reasons." The issue is whether the trial court clearly erred in finding that Frank's violated LSA R.S. 23:1361, which prohibits refusal of employment because an employee has claimed worker's compensation benefits.

FACTS
Frank's business includes general carpentry work with saws, routers, planers and sanders. On January 31, 1986, Cahill was helping a co-employee, Hung, under the supervision of Jim Baroni. Cahill was catching wood, which Hung was running through a rip saw. When the saw clogged because of a defective vacuum, Hung instructed Cahill to clean out the sawdust. Cahill did not know how to turn the saw on and off and did not realize it was still running. He stuck his hand in the side of the machine where there is a hookup for the vacuum. Three fingers of his hand were injured.
When Cahill reported back to work, Baroni told him to return the next day. Baroni conferred with Frank Dispensire, the owner *54 of Frank's. Dispensire said he decided not to rehire Cahill for safety reasons and Baroni advised Cahill he was no longer needed. Cahill had been employed in the same type of work for a year and a half without any other accidents. Aside from the safety issue, Dispensire conceded that Cahill met the qualifications of his previous job and was able to perform the duties of that job. Although Cahill was hurt while following Hung's instructions, Dispensire felt that Cahill should have been more cautious.
The trial court gave judgment in favor of Cahill against Frank's, for a year of wages, $9,152, and attorney's fees of $5,000. In reasons for judgment, the trial court stated that Cahill was not rehired because he had a compensable accident; that Cahill should have been given another chance; and that Frank's should have instituted a safety program to prevent similar accidents. The trial court pointed out that LSA-R.S. 23:1361 would be meaningless if any worker who had a compensable accident became, ipso facto, an unsafe employee.
The court of appeal reversed the trial court, finding manifest error. Cahill v. Frank's Door and Bldg. Supply, 577 So.2d 350 (La.App. 1st Cir.1991). A writ was granted to review the judgment of the court of appeal. 581 So.2d 668 (La.1991).

LAW
LSA-R.S. 23:1361 provides:
A. No person, firm or corporation shall refuse to employ any applicant for employment because of such applicant having asserted a claim for worker's compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.
A majority of states recognize retaliatory discharge for filing a worker's compensation claim as an exception to the employment at will rule (LSA-C.C. art. 2747) which generally prevails. See Larson, Workmen's Compensation, Desk Edition, Vol. 2 § 68.36(a) (1991).
In Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985), an employee was fired on a safety pretext after a job related injury. The pretext was the employee's failure to report his injury on the day it occurred. Justice Blanche wrote that this violation of a safety rule did not justify terminating the employee. The trial court correctly held that the violation was merely an excuse for a retaliatory discharge.
Moore v. McDermott Inc., 494 So.2d 1159 (La.1986), noted the difficulty of proving an employer's motivation. In Moore, plaintiff asserted a worker's compensation claim and was fired on the day he was released to return to work. McDermott's personnel administrator admitted that compensation claimants were consistently treated differently from other employees. This court held that plaintiff proved a retaliatory discharge.

CONCLUSION
Cahill was not rehired after his medical discharge, despite the employer's admission that Cahill was capable of doing the job. Any employee who suffers an accident *55 might be described as unsafe or accident prone. LSA-R.S. 23:1361 would be emasculated if a safety pretext allowed refusal of employment after a single worker's compensation claim. Cahill made a prima facie case of unlawful discrimination, which was not rebutted by his employer.
The court of appeal erred in substituting its judgment for that of the trial court. The trial court's determination that Cahill was the victim of unlawful discrimination was not clearly wrong.
For the foregoing reasons, the judgment of the court of appeal is reversed and the judgment of the trial court is reinstated.

DECREE
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Gerard J. Cahill, against defendant, Frank's Door and Building Supply Company, Inc., for a year's wages of $9,152, attorney's fees of $5,000, interest from the date of judicial demand until paid and all costs.
REVERSED AND RENDERED.
LEMMON, J., concurs and assigns reasons.