482 So.2d 916 (1986)
Lula M. RAMBIN, et al., Plaintiffs-Appellees,
v.
LOUISIANA DOWNS, INC., Defendant-Appellant.
No. 17511-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
Writ Denied March 21, 1986.
Lunn, Irion, Switzer, Johnson & Salley by Frank M. Walker, Jr., Shreveport, for defendant-appellant.
William T. Allison, Shreveport, for plaintiffs-appellees.
Before HALL, MARVIN and LINDSAY, JJ.
LINDSAY, Judge.
Defendant, Louisiana Downs, Inc., appeals a trial court judgment awarding plaintiff,[1] Lula Rambin, penalties and attorney's fees pursuant to LSA-R.S. 23:1361. Finding that the plaintiff failed to prove a violation of this statute by the defendant, we must reverse the trial court's decision.
Mrs. Rambin was employed by Louisiana Downs, Inc. during the racing seasons of 1979, 1980, and 1981 as a mutual ticket seller. On August 20, 1980, Mrs. Rambin was injured in the course of her employment when she bumped her right hand and wrist on a machine while performing her job. As a result of this accident, on September 25, 1980 she underwent surgery for the removal of a ganglion cyst from her wrist. The plaintiff missed several weeks of work during the 1980 racing season due to this injury and she was paid worker's compensation during her absence. She was able to return to work for the last few days of the 1980 season.
Mrs. Rambin was then re-employed for the 1981 racing season and worked the entire season without any complaints to her *917 employer. However, during this time she was seeing her physician, Dr. Clint McAlister, complaining of continued problems with her wrist. Plaintiff saw Dr. McAlister from June 29, 1981 through October 12, 1981. On November 2, 1981 subsequent to the closing of the 1981 racing season, Mrs. Rambin filed suit against the defendant for worker's compensation alleging that she was still suffering pain in her wrist, which was causing her to continue to receive medical attention. She also alleged that she was totally and permanently disabled from the performance of her job.
Subsequently, Mrs. Rambin, the defendant, and the defendant's worker's compensation insurer agreed to compromise and settle Mrs. Rambin's worker's compensation claim. A joint petition to compromise the claim was filed on February 11, 1982. The compromise that was effected between the parties set forth that Mrs. Rambin would receive $5,000 and that an outstanding $25 medical bill would be paid by the defendant. In this settlement agreement, the plaintiff continued to allege that she was totally and permanentlydisabled, in contrast to the defendant's allegations that Mrs. Rambin did not suffer any injury or in the alternative, that she had fully recovered from any injury and that she was able to perform her job.
Under the defendant's personnel rules which required the filing of new employment applications prior to each racing season, Mrs. Rambin applied for re-employment with the defendant for the 1982 racing season on April 19, 1982. After she was notified that she would not be rehired, she filed this suit on February 9, 1983 alleging that the defendant's refusal to rehire her was a violation of LSA-R.S. 23:1361. After both parties' respective motions for a summary judgment were denied by the trial court, the matter came to trial on August 31, 1984. The trial consisted of the filing of the depositions of the plaintiff, George Vidak, the person in charge of hiring ticket sellers at Louisiana Downs, Inc., and Dr. Clint McAlister, plaintiff's treating physician. Also admitted into evidence were the pleadings in Mrs. Rambin's previous worker's compensation suit. The case was then submitted on briefs to be filed by both parties. After examining the evidence, the trial court determined that Mrs. Rambin was entitled to receive $5,695 as lost wages for the 1982 racing season and $2,275 as attorney's fees as set forth in LSA-R.S. 23:1361 C.[2]
On appeal, Louisiana Downs, Inc. alleges that the trial court erred in finding that Mrs. Rambin was entitled to the civil penalty provided by the statute when she was not rehired for the 1982 racing season. We conclude that the defendant's assertion is correct, as there is insufficient evidence in the record to show that the defendant violated this statute.
LSA-R.S. 23:1361 A provides:
A. No person, firm or corporation shall refuse to employ any applicant for employment because of such applicant having asserted a claim for worker's compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.
In a case involving the retaliatory discharge of an employee due to his filing a worker's compensation claim, the Louisiana Supreme Court, in Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985), stated that "The purpose of LSA-R.S. 23:1361 is to prevent unjust dismissals which will allow employees to exercise their right to workman's compensation benefits without *918 fear of retaliatory action by their employer."
This statute has been referred to as being remedial in nature. See Wiley v. Missouri Pacific R. Co., 430 So.2d 1016 (La.App. 3d Cir.1982), writ denied 431 So.2d 1055 (La.1983). This may be true in the sense that it seeks to provide a remedy for an employee who is subject to unfair discrimination by the employer. However, the statute is equally penal as it penalizes the employer for one year's wages if he has unlawfully failed to employ or re-employ a worker due to a previous worker's compensation claim. Because it is penal in nature, the statute should be strictly construed.
Considering a strict construction, and noting that plaintiff has the burden of proving a violation of this statute, there should be evidence presented by this plaintiff revealing that she was not rehired for the 1982 season in retaliation to her filing a worker's compensation claim against the defendant, her employer for the previous three years. The evidence in the record before us does not support a finding that the plaintiff carried her burden of proof to show such discrimination by the defendant, rather than the defendant's legitimate belief that another applicant could fill the position more capably than the plaintiff.
In his deposition, George Vidak stated that he was unaware that the plaintiff was still suffering from her injury and seeing a doctor while she was working during the 1981 racing season. He stated that he received a letter two months prior to Mrs. Rambin's application for re-employment, which informed him that Mrs. Rambin had been compensated for a permanent disability to her wrist shortly prior to the filing of her job application for the 1982 racing season. He explained that he did not rehire Mrs. Rambin because he felt that she was not as qualified as other applicants for the job due to her allegations that she suffered from a permanent physical disability specifically relating to the requirements of the job for which she applied.
Dr. Clint McAlister stated in his deposition that he saw Mrs. Rambin for the first time in June, 1981 and that she complained of numbness and swelling in her hand close to the area where the cyst had been removed. She returned to see him in July and October, 1981 with the same complaints. When Dr. McAlister released her in October, 1981 he stated that objectively he could not see why Mrs. Rambin would not be able to perform her job at Louisiana Downs. However, he could not rule out Mrs. Rambin's being disabled from performing her job due to her subjective complaints of pain and disability.
With respect to the plaintiff's application for re-employment and the subsequent decision by the employer not to rehire her, neither the plaintiff nor the employer took any action to convince the other about the plaintiff's medical condition. The plaintiff did not submit a statement or medical information to the employer that she was fully recovered and physically capable of performing the duties which her previous job entailed, nor did the employer request medical information or make a specific investigation. Mr. Vidak relied upon information he had received that Mrs. Rambin had alleged and had been compensated for an alleged permanent physical disability.
The evidence presented to the trial judge and in the record before us on appeal is not sufficient to sustain plaintiff's burden of showing a violation of this statute. It is evident from the facts presented that the employer in this case was within its discretion in not employing the plaintiff as she was not as qualified as other applicants for the position sought. Accordingly, for the foregoing reasons the judgment of the trial court is reversed and set aside and plaintiffs' demands are rejected. All costs are assigned to appellee, Lula M. Rambin.
REVERSED.
NOTES
[1] Plaintiff's husband, James O. Rambin, was also named in the petition and judgment for the purpose of asserting any claims on behalf of the community of acquets and gains existing between he and his wife.
[2] LSA-R.S. 23:1361 C provides that:

C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.