KLIEBERT, Judge.
Noella Woodson, plaintiff-appellant, the wife of an injured employee, sued their mutual employer, Alarm Protection Systems, Inc., defendant-appellee, claiming she was discharged from employment because her husband, Allen Woodson, filed a claim for workmen’s compensation benefits. The trial court sustained an exception of no cause of action on the grounds our anti-discrimination statute, LSA-R.S. 23:1361, affords a cause of action for retaliatory discharge only to an injured employee who asserts a claim for compensation benefits. For the reasons assigned we affirm the judgment of the trial court.
Allen Woodson was injured on the job when he fell from a ladder. He was hospitalized briefly and received workmen’s compensation benefits. On September 1, 1987 the Woodsons sued APS on independent grounds:
(1) Allen’s compensation benefits were arbitrarily and capriciously terminated;
(2) Noella was fired because Allen asserted a claim for compensation benefits.
APS filed an exception of no cause of action to the retaliatory discharge claim. The exception was grounded in the contention Noella had not personally asserted a claim for compensation benefits. In the absence of such a personally asserted compensation claim, APS contends the retaliatory discharge claim provided by LSA-R. S. 23:1361 is not applicable. Noella contended her community interest in Allen’s compensation claim was sufficient to afford her the protection of the statute. The trial court conceded that the discharge of an employee’s wife is no less an evil than the discharge of an employee, but ruled that the statute as written did not include a spouse, . and this Court cannot add an additional class of persons to those the statute now protects.” We are called upon to determine the correctness vel non of that ruling.
LSA-R.S. 23:1361 provides in pertinent part:
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount of the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year’s earnings, together with a reasonable attorney’s fee.
Because it is penal in nature, the statute should be strictly construed. Guye v. International Paper Co., Inc., 488 So.2d 1108 (La.App. 2nd Cir.1986); Rambin v. Louisiana Downs, Inc., 482 So.2d 916 (La. App. 2nd Cir.1986) writ denied 484 So.2d 670 (La.1986).
Clearly, the statute protects from discharge only the said employee having asserted a claim. Noella Woodson did not assert a claim for benefits as contemplated by the statute. Although the benefits payable under the statute falls within the legal regime of community property, as concluded by the trial judge, the statute is not written to include a spouse. To say otherwise is to add an additional class of *544 persons to those the statute now protects. This we cannot do.
Noella Woodson did not and cannot assert a claim for compensation benefits and accordingly fails to state a cause of action under LSA-R.S. 23:1361. Therefore, the trial court did not err in sustaining the exception.
When the grounds of an objection pleaded by the peremptory exception may be removed by the amendment of the petition, the judgment sustaining the exception shall order such amendment. La.C.C.P. Article 934; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). Noella Woodson cannot possibly remove the ground for objection by amending the petition. Accordingly, the trial court did not err in failing to grant her leave to amend. Compare In re Caceres, 491 So.2d 738 (La. App. 5th Cir.1986).
The judgment of the trial court is affirmed. All costs are cast against the appellant.
AFFIRMED.