GUIDRY, Judge.
Plaintiffs, Lonnie Lee Portie and his wife, Yvonne Renee Portie, appeal a judgment of the trial court sustaining defendants’, Devall Towing and Boat Service, Inc. and/or Devall Towing and Boat Service of Hackberry, Inc. (Devall), exception of no cause of action as to plaintiffs’ claim for damages, asserted in their supplemental petition, for the wrongful termination of Carl Portie, plaintiffs’ brother and brother-in-law respectively. We affirm.

FACTS

On or about December 17,1991, Lonnie Lee Portie, who was employed by Devall as a seaman and member of the crew of the M/V Allen D, was injured during the course and scope of his employment. Thereafter, on February 6, 1992, plaintiffs filed suit against Devall alleging unseaworthiness of the vessel and negligence of the defendant(s). Subsequently, Carl Portie, Lonnie’s brother, who was also employed by Devall, was terminated. Thereafter, on October 23, 1992, plaintiffs filed a supplemental petition alleging in part that “Carl Portie’s supervisor, Donald Buford, admitted under oath that he was instructed by his supervisor to terminate Carl Portie’s employment with defendant because plaintiffs had brought this suit.” Carl and Yvonne Portie claimed that defendants’ actions had damaged their relationship with Carl and had caused them substantial emotional distress. Devall answered the Porties’ supplemental petition admitting plaintiffs’ allegations regarding Carl Portie’s dismissal but pleaded that the supplemental petition stated no cause of action against Devall. The trial court sustained defendants’ exception of no cause of action and dismissed the demands set forth in plaintiffs’ supplemental *1326 petition.[1] Plaintiffs appeal.

LAW

The Louisiana Supreme Court in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), recently reviewed the function of an exception of no cause of action stating:
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, 578 So.2d 113 (La.1991). Id. at 1235.
In his written reasons for judgment on the exception of no cause of action, the trial judge succinctly and correctly set forth the law governing the case. We quote approvingly:
Defendants filed an Exception of No Cause of Action directed to the plaintiffs’ supplemental petition, which alleges damages to plaintiffs’ “relationship with Carl Portie and substantial emotional distress” as a result of the dismissal from defendants’ employment of plaintiffs’ brother and brother-in-law, Carl Portie. The facts set out in the supplemental petition allege a cause of action arising out of the firing of plaintiffs’ brother and brother-in-law, Carl Portie, which firing was due to the filing of plaintiffs’ suit on February 6, 1992.... The issue before the court is, therefore, whether plaintiffs have a cause of action for impaired personal relationships and emotional distress based upon the termination of the employment of their brother and brother-in-law, when the reason for termination is the filing of a suit by the plaintiffs to exercise the plaintiffs’ rights. The general rule is that an employer is entitled to terminate for any reason an employee who is hired for an indefinite term. Civil Code Article 2747, 2024, Brannan v. Wyeth Laboratories, Inc., 526 So2d 1101, 1103 (S.Ct.-1988) [sic]; Hammond v. Medical Arts Group, Inc., et al, 574 so2d 521, 525 (3dCir-1991) [sic]. The public policy in this general rule is to protect the freedom of the employee to work for whom he prefers. There are, however, some limitations on termination of employment by the employer, as when the termination grows out of exercising one’s rights under the worker’s comepnsation act (R.S. 23:1361; Sampson v. Wendy’s Management, Inc., 593 So2d 336 (S.CT.-1992) [sic]; or for reasons of age (R.S. 23:892, 893, 972); exercising political rights (R.S. 23:961, et seq.); purchase of merchandise from a particular seller (R.S. 23:963); discharge for testifying at a labor investigation (R.S. 23:964); serving as a juror (R.S. 23:965); and race, color, religion, sex or national origin (R.S. 23:1006). These statutory exceptions recognize that in some areas the general rule of termination at the will of the employer needs to be limited, because public policy is best served by making specific exceptions to the general rule. It is to be noted that all of the above limitations, save the last, clearly give only the terminated employee or a public authority a cause of action for enforcement. R.S. 23:1006 gives the right of redress to “a plaintiff who has a cause of action.” As far as this court can determine, nowhere do the statutes or jurisprudence provide for a third party other than a public authority to have a cause of action for the termination of the employee. This means that the public policy is to protect the employee himself, not another individual third party. *1327 The plaintiffs argue that the limitations on termination of employment were enacted to prevent the chilling effect that the unrestricted right of termination by an employer would have on the exercise of certain rights by the employee. This is doubtless a raison d’etre of the limiting statutes. See Wiley v. Missouri Pacific Railroad Co., 430 So2d 1016, 1023 (3dCir-1982) [sic] [writ denied, 431 So2d 1055 (La.1983)]. Plaintiffs further argue that “the employer retaliated against both the claimant and a close relative ...” and that this is illegal because “the same rationale should apply.” However, to extend the rationale to the degree suggested by the plaintiff would be a substantial extension of the limitations now in place. This court is impressed with the fact that there is no statute or jurisprudence granting a cause of action in this type of situation to a third party, such as plaintiffs are to the employment relationship between defendants and Carl Portie, and the court is not impressed that any substantial public policy would be furthered by expanding the employee’s cause of action, and hence right to damages, to third parties. This court is not called upon to determine, and does not determine, if Carl Portie has a cause of action on account of his termination due to his brother’s suit. However, it is the opinion of this court that the plaintiffs have no cause of action on the allegations in the supplemental petition.
We find support for our affirmation of the trial judge in the case of Woodson v. Alarm Protection Services, Inc., 531 So.2d 542 (La.App. 5th Cir.1988), writ. denied, 533 So.2d 358 (La.1988). In Woodson, supra, Noella Woodson filed suit against Alarm Protection Services (APS) seeking damages for wrongful termination. Mrs. Woodson alleged she was fired in retaliation after her husband, also an APS employee, filed a claim for worker’s compensation benefits. APS filed an exception of no cause of action which the trial court sustained. Mrs. Woodson appealed.
In affirming the judgment of the trial court in Woodson, supra, our brethren of the Fifth Circuit, with whom we agree, stated:
... The trial court conceded that the discharge of an employee’s wife is no less an evil than the discharge of an employee, but ruled that the statute as written did not include a spouse, “... and this Court cannot add an additional class of persons to those the statute now protects.” We are called upon to determine the correctness vel non of that ruling.
LSA-R.S. 23:1361 provides in pertinent part:
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount of the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year’s earnings, together with a reasonable attorney’s fee.
Because it is penal in nature, the statute should be strictly construed. Guye v. International Paper Co., Inc., 488 So.2d 1108 (La.App. 2nd Cir.1986); Rambin v. Louisiana Downs, Inc., 482 So.2d 916 (La.App. 2nd Cir.1986) writ denied 484 So.2d 670 (La.1986).
Clearly, the statute protects from discharge only the said employee having asserted a claim. Noella Woodson did not assert a claim for benefits as contemplated by the statute. Although the benefits payable under the statute falls within the legal regime of community property, as concluded by the trial judge, the statute is not written to include a spouse. To say otherwise is to add an additional class of per *1328 sons to those the statute now protects. This we cannot do.
Noella Woodson did not and cannot assert a claim for compensation benefits and accordingly fails to state a cause of action under LSA-R.S. 23:1361. Therefore, the trial court did not err in sustaining the exception. Id. at 543.
The cause of action sought to be asserted herein is much more tenuous than that sought to be asserted by Mrs. Woodson. In the case at bar, it is not the plaintiffs who were fired. Yet, they seek damages for the firing of a third party (albeit a relative). While we find the retaliatory discharge in this case to be reprehensible, there is no basis in law for a cause of action against Devall.
In supplemental brief to this court, appellants argue that, although they may have failed to state a cause of action under La.R.S. 23:1361 for Carl Portie’s retaliatory discharge from employment nonetheless they have stated a separate cause of action against Devall for the intentional infliction of emotional harm damages suffered by them. We disagree. Any duty owed plaintiffs, under the circumstances of this case, would necessarily arise as a result of La.R.S. 23:1361. There is nothing in the statute’s language or its legislative history to suggest that it was intended to protect plaintiffs against the type of harm which they allegedly suffered. See Gugluizza v. K.C.M.C. Inc., et al, 606 So.2d 790 (La.1992).
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.

. When actions are cumulated which could have been brought separately because they are based on operative facts of separate occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other cause of action to be tried on its merits. Everything on Wheels, infra.