THIBODEAUX, Judge,
dissenting.
The supplemental petition of the plaintiffs contained the following language:
12
After plaintiffs filed this suit, defendant laid off plaintiff Lonnie Portie’s brother, Carl Portie, who defendant also employed.
13
Carl Portie’s supervisor, Donald Buford, admitted under oath that he was instructed by his supervisor to terminate Carl Portie’s employment with defendant because plaintiffs had brought this suit.
14
On information and belief, plaintiffs assert that defendant’s sole purpose in terminating Carl Portie’s employment was to harass and intimidate plaintiffs into dismissing their suit and to inflict emotional harm on them.
15
As a result of defendant’s actions, plaintiffs have suffered damage to their relationship with Carl Portie and substantial emotional distress and are entitled to recover damages in an amount to be determined.
The majority labels the plaintiffs’ cause of action as one “for damages ... for the wrongful termination of Carl Portie ...” The district court’s reasons for judgment indicated that “[a]s far as this court can determine, no where do the statutes or jurisprudence provide for a third party other than a public authority to have a cause of action for the termination of the employee.”
Both the majority and the trial court mis-eharacterize the allegations in plaintiffs’ supplemental petition. The plaintiffs are not suing for the wrongful termination of Carl Portie. That is a cause of action which is personal to Carl Portie. They are suing for the tortious impact upon them because of Carl Portie’s termination. Carl Portie’s termination was simply the vehicle used to inflict emotional distress on them. The plaintiffs are claiming damages for the intentional infliction of emotional distress. The cause of action directs itself to the effects of Carl Portie’s termination. The plaintiffs’ supplemental petition is not seeking an ameliorative remedy in damages or remedial injunctive relief for a terminated employee. Indeed, the remedies available to Carl Portie for his wrongful termination and those available to *1329 the plaintiffs for the intentional infliction of emotional distress are different.
As the majority points out, the function of an exception of no cause of action is to test the legal sufficiency of the petition to determine whether or not the law affords a remedy for the well-pleaded facts set forth therein. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). In evaluating an exception of no cause of action, a court must assume the truth of the assertion set forth in the petition and interpret those allegations in a light most favorable to maintaining a cause of action. As Kuebler v. Martin, 578 So.2d 113, 114 (La.1991) stated:
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice.... When it could reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence.... The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by the exception, the well-pleaded facts and any annexed documents must be accepted as true.
All doubts must be resolved in favor of the petitioner. Petrocana v. Margo, 577 So.2d 274 (La.App. 3d Cir.1971). Technical objections are not favored, Hodges v. LaSalle Parish, 368 So.2d 1117 (La.1979), and allegations need not be specific Roberson v. Provident House, 576 So.2d 992 (La.1991), for a litigant is entitled to relief under any theory of law which may be justified under the fact alleged. Only if a litigant has no cause of action under any evidence admissible under the pleadings should the action be dismissed. Darville v. Texaco, 447 So.2d 473 (La.1984).
If the allegations set forth in the plaintiffs’ supplemental petition are accepted as true, then the conduct of the defendant does plausibly amount to an intentional infliction of emotional distress. Louisiana’s civilian tradition has a strong interest in promoting familial harmony. The intentional disruption of a family unit, even an extended family unit, is inconsistent with Louisiana’s legal history and tradition and potentially amounts to conduct so outrageous and extreme “as to go beyond all possible bounds of decency, and to be regarded as atrocious and fully intolerable in a civilized community.” White v. Monsanto, 585 So.2d 1205 (La.1991).
The plaintiffs at the very least should be allowed to prove:
(1) That the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct.
Id. at 1209; Taylor v. State, 617 So.2d 1198, 1204 (La.App. 3d Cir.1993), and that the outrageous and extreme conduct arose “from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interest.” Taylor, Id. at 1204.
Whether the plaintiffs are able to present evidence sufficient to prove the elements of intentional infliction of emotional distress because of the defendant’s conduct is an issue to be developed at trial. At this stage of the proceedings, they have alleged enough to warrant a cognizable claim.
The majority’s reliance on Woodson v. Alarm Protection Services, Inc., 531 So.2d 542 (La.App. 5th Cir.), writ. denied, 533 So.2d 358 (1988) is misplaced. The rationale for the decision in Woodson to disallow a cause of action was that the co-employee bringing the action, the wife of the employee who filed the claim, did not assert a cause of action under La.R.S. 23:1361. This statute allows for an action by an employee for a wrongful retaliatory discharge because of having filed a workers’ compensation claim. Mrs. Woodson did not file a compensation claim; her husband did. The raison d’etre of Woodson focused on whether the workers’ compensation statutory scheme should be extended to protect those persons who had not filed a workers’ compensation claim. The court held that it did not. In the ease sub judice, the person who was terminated is not *1330 filing the claim nor are the persons filing the claim asserting a cause of action on behalf of the terminated employee. As indicated previously, the assertion is that the defendant exercised its prerogative to terminate Carl Portie as a vehicle to inflict emotional' harm on them. If proven, that conduct is tortious and actionable under Louisiana law.
For the foregoing reasons, I respectfully dissent.