| iBARRY, Judge.
Television Management, Inc. appeals a judgment in favor of plaintiff, Arthur McDonald, for retaliatory discharge from employment. The record does not support the jury’s finding that Television Management fired McDonald because he filed a worker’s compensation claim. We reverse.

FACTS

Arthur McDonald “pulled” his back in a work related incident with his employer, Television Management, Inc., on July 30, 1990. He discontinued work and received compensation benefits during treatment.
McDonald testified that his physician released him to work in early 1991 and he brought a “discharge paper” to Michael Beebe, Manager of Television Management, Inc., and requested to return to work. McDonald testified that he called Beebe one to two weeks later and Beebe instructed him to complete an application for work. There is a dispute concerning whether or not Beebe advised McDonald that a doctor’s release was required. McDonald testified that he wrote to Beebe two weeks to one month after the telephone call and | ¿requested his job back. That undated letter was admitted into evidence. McDonald testified that about two weeks later Beebe notified McDonald in writing that a position was not available and that Television Management placed McDonald “at the top of (the) list” for a position. Beebe’s letter, dated June 13,1991, did not request a physician’s discharge notice.
The record does not show the dates of McDonald’s visit, telephone call or letter to his employer. McDonald estimated that he visited his employer in March 1991, but McDonald’s and Beebe’s estimation of the time frame from the initial contact to the final letter indicates all contact occurred within two months before Beebe’s June 13, 1991 letter.
Dr. Henry Evans, McDonald’s treating physician, testified that he examined McDonald on November 5, 1990, November 13, 1990, December 1, 1990, January 4,1991 and January 29, 1991 and McDonald’s condition improved. On February 21, 1991 Dr. Evans reported to CNA, the compensation insurer, that he examined McDonald on January 29, 1991, scheduled him for a follow up exam and, “(i)n' the meantime, he [McDonald] remains completely and totally disabled and unable to return to work.” Dr. Evans did not see McDonald again until March 20,1991 when he had a head contusion and other injuries sustained in a March 16, 1991 automobile accident. Dr. Evans stated that McDonald was totally disabled and unable to work.
*804 Dr. Evans testified that on April 1,1991 he issued a report to CNA which advised that McDonald’s condition from the work related injury had improved, that McDonald would have been able to return to work by March 20, 1991 if not for the car accident and that CNA could stop compensation |3payments. Based on his clinical findings between November 1990 and January 1991, Dr. Evans projected that McDonald probably would have been discharged from treatment and released to work at least two weeks before his March 16, 1991 accident. He did not recall whether he issued a discharge notice to McDonald but testified that he did not see or discharge McDonald between January 29, 1991 and March 20, 1991. Dr. Evans testified that he communicated with CNA, not Television Management.
Richard Clarey, General Manager for Television Management, testified that the company could not keep McDonald’s job open. He stated that an injured employee’s position is typically filled after ten days of absence and the employee must re-apply for a job.
On June 17, 1991 McDonald filed this action for damages based on retaliatory discharge from his employment. The jury found that Television Management fired McDonald because he filed a compensation claim and awarded $18,000 damages plus $6,000 attorney fees. The trial court ordered Television Management to pay costs. Television Management’s appeal asserts: 1) the jury erred by finding McDonald was fired for making a compensation claim; and 2) the trial court erred by refusing to admit evidence of the settlement of McDonald’s compensation claim.

RETALIATORY DISCHARGE

The Louisiana worker’s compensation statute prohibits termination of an employee based upon a claim for compensation benefits. LSA-R.S. 23:1361(B) reads:
No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United UStates. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
The civil penalty for an employer’s violation of § 1361(B) is “the amount the employee would have earned but for the discrimination based upon ... the earnings of the employee at the time of the discharge, ... but not more than one year’s earnings, together with reasonable attorney’s fees and court costs.” LSA-R.S. 23:1361(C).
There is a split in the Circuits concerning whether § 1361 is remedial or penal, and this Court has not spoken on the issue. The Third Circuit held that “(t)he principal purpose of R.S. 23:1361 is remedial, rather than penal” because it is designed to remedy a wrong to an individual rather than provide redress to the public and that “(finasmueh as R.S. 23:1361 is a remedial statute, it is to be liberally construed to suppress the evil and to advance the remedy.” Vallier v. Oilfield Construction Company, Inc., 483 So.2d 212, 216 (La.App. 3rd Cir.), writ den. 486 So.2d 734 (La.1986). The court did note, however, that the sanction for violation is a civil penalty (rather than benefits for disability). The Second Circuit expressly declined to follow Vallier in Guye v. International Paper Company, Inc., 488 So.2d 1108, 1112 (La.App. 2d Cir.1986). See also Rambin v. Louisiana Downs, 482 So.2d 916, 918 (La.App. 2d Cir.), writ den. 484 So.2d 670 (La.1986). The Louisiana Fifth Circuit held § 1361 is penal and should be strictly construed and cites Guye and Rambin without noting the conflict in the Circuits. Woodson v. Alarm Protection Services, Inc., 531 So.2d 542 (La.App. 5th Cir.), writ den. 533 So.2d 358 (La.1988).
We agree with the Second and Fifth Circuits that although the statute is remedial in that it provides a remedy for unfair discrimination by the employer, | git is also penal and must be strictly construed. Rambin v. Louisiana Downs, 482 So.2d at 918.
Retaliatory discharge for filing a worker’s compensation claim is an exception to the employment at will rule found in LSA-C.C. art. 2747. Cahill v. Frank’s Door & Building Supply Company, Inc., 590 So.2d 53, 54 (La.1991), citing Larson, Workmen’s Compensation, Desk Edition, Vol 2 *805 § 68.36(a) (1991); Moore v. McDermott, Inc., 494 So.2d 1159, 1161 (La.1986). The trial court must ascertain the true reason for termination of the employee. Lewis v. Willamette Industries, Inc., 537 So.2d 780, 783 (La. App. 2d Cir.), writ den. 540 So.2d 331 (La. 1989), citing Turner v. Winn Dixie of Louisiana, Inc., 474 So.2d 966 (La.App. 5th Cir.), writ den. 478 So.2d 147 (La.1985).
Television Management asserts that McDonald faded to prove he was discharged under § 1361(B) since he was not fired and he could return to work, subject to availability of a position, when he provided a doctor’s discharge and completed an application. This argument is without merit.
Section 1361(B) prohibits the discharge of an employee. The record clearly shows that Television Management filled McDonald’s position after his extended absence and required that he complete an application for reemployment before being hired. McDonald proved he was discharged.
Television Management argues that the evidence does not support a finding that McDonald was physically able to perform the work and that he was discharged for filing a compensation claim. We agree.
Dr. Evans did not examine McDonald between January 29, 1991 and the March 16, 1991 car accident. Dr. Evans testified that his clinical findings on January 29 showed improvement but McDonald was “totally disabled and | eunable to return to work.” McDonald’s next medical examination was March 20, 1991, after the March 16, 1991 automobile accident. Dr. Evans projected that McDonald would have recovered from his work injury but was totally disabled and unable to return to work due to the car accident.
Dr. Evans did not see or discharge McDonald between January 29, 1991 and March 20,1991. Clearly, McDonald was not able to work for almost three months prior to Beebe’s June 13,1991 letter, and the testimony shows that McDonald requested his job within two months prior to that letter.
There is no evidence that Television Management had information other than McDonald’s subjective statement that he was able to return to work. McDonald did not complete an application to be re-hired. He testified that he brought a “discharge paper” to his employer, but the details of the paper were never established. The paper is not in the record, Dr. Evans testified that he did not discharge McDonald between January 29 and March 20, 1991, and Beebe denied receiving a doctor’s discharge notice. Based on the record in its entirety, we conclude that the jury was clearly wrong to find Television Management discharged McDonald for filing a compensation claim. See Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112 (La. 7/5/94); 639 So.2d 216, which sets forth the standard for appellate review of facts. The testimony shows that Television Management refused to re-hire McDonald based upon McDonald’s injury rather than his filing a compensation claim. See Vollenweider v. New Orleans Public Service, Inc., 466 So.2d 804 (La.App. 4th Cir.), writ den. 468 So.2d 577 (La.1985); Rambin v. Louisiana Downs, supra. The statute clearly provides that 17termination because of the employee’s inability to work due to injury is not retaliatory.

CONCLUSION

The jury’s finding that Television Management fired McDonald because he filed a compensation claim is manifestly erroneous and not supported by the record. Plaintiffs suit is dismissed, with prejudice at his costs. We pretermit the remaining assignment of error and reverse.

REVERSED AND RENDERED.