131 Nev., Advance Opinion 19

IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREN BROWN,
Appellant,
vs.
EDDIE WORLD, INC.; AND
STAGECOACH HOTEL AND CASINO,
INC.,
Respondents.

No. 63896

FILED

APR 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a wrongful termination action. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

*Affirmed.*

Law Office of Daniel Marks and Daniel Marks and Adam Levine, Las Vegas,
for Appellant.

Stephens Gourley & Bywater and David A. Stephens, Las Vegas,
for Respondents.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we must determine whether the district court properly refused to recognize a new cause of action under the common law doctrine of tortious discharge in violation of public policy. Specifically, we

15-11365

must decide whether a plaintiff can state a claim for third-party retaliatory discharge, when that discharge tends to discourage reporting violations of Nevada's gaming laws. While enforcing gaming laws is a fundamental public policy in Nevada, we decline to recognize a common law cause of action for third-party retaliatory discharge. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant Karen Brown was employed by respondent Eddie World, Inc., as assistant manager of a nut and candy store. The store was located on property owned by respondent Stagecoach Hotel and Casino, Inc., and both respondent corporations (collectively, Stagecoach) were under common ownership and management. Stagecoach knew that Brown was engaged to Donald Allen. Brown does not allege that Stagecoach ever employed Allen. Allen filed a complaint with the Nevada Gaming Control Board (NGCB) regarding some of Stagecoach's slot machines. Shortly after the NGCB informed Stagecoach that Allen filed the complaint, Stagecoach began assigning Brown's job responsibilities to other employees. Within weeks, Stagecoach terminated Brown's employment.

Brown filed a complaint in district court alleging that Stagecoach terminated her employment in retaliation for Allen's complaint to the NGCB and that discharging her was therefore tortious and in violation of public policy. Stagecoach moved to dismiss Brown's complaint for failure to state a claim pursuant to NRCP 12(b)(5). The district court granted Stagecoach's motion because Nevada has not recognized a cause of action for third-party retaliatory discharge. Brown now appeals.

## DISCUSSION

On appeal, Brown asks this court to recognize, for the first time, a common law cause of action for third-party retaliatory discharge. For the reasons discussed herein, we decline to do so.

This court reviews de novo an order granting a motion to dismiss for "failure to state a claim upon which relief can be granted." NRCP 12(b)(5); *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). In doing so, we assume that all facts alleged in the complaint are true, and we review all legal conclusions de novo. *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672.

An at-will employee may generally "be properly discharged without cause at the will of the employer." *K Mart Corp. v. Ponsock*, 103 Nev. 39, 42 n.1, 732 P.2d 1364, 1366 n.1 (1987), *abrogated on other grounds by Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990). Nevertheless, "[a]n employer commits a tortious discharge by terminating an employee for reasons which violate public policy." *D'Angelo v. Gardner*, 107 Nev. 704, 712, 819 P.2d 206, 212 (1991). Specifically, tortious discharge "arises out of the employer-employee relationship," and we have stated in dicta that tortious discharge occurs "when an employer dismisses an employee in retaliation for *the employee's . . . acts* which are consistent with . . . sound public policy and the common good." *Id.* at 718, 819 P.2d at 216 (emphasis added). "[T]ortious discharge actions are severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Sands Regent v. Valgardson*, 105 Nev. 436, 440, 777 P.2d 898, 900 (1989).

We have previously stated that "[n]o public policy is more basic than the enforcement of our gaming laws." *Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293, 774 P.2d 432, 433 (1989); *see also* NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

463.0129(1) (stating that the gaming industry is essential to Nevada's economy and welfare, and its success depends on "strict regulation"). Thus, it cannot be disputed that enforcing Nevada's gaming laws is a sufficiently "strong and compelling public policy" to support a claim for tortious discharge. *Sands Regent*, 105 Nev. at 440, 777 P.2d at 900; *see also Wiltsie*, 105 Nev. at 293, 774 P.2d at 433.

Despite this fundamental public policy, we have yet to determine whether a discharged employee may state a common law claim for third-party retaliatory discharge. Accordingly, we "examine how other jurisdictions have addressed the issue." *Moon v. McDonald, Carano & Wilson LLP*, 129 Nev. Adv. Op. No. 56, 306 P.3d 406, 409 (2013).

Other courts have recognized causes of action for third-party retaliatory discharges arising under federal statutes, but those decisions depended upon broad language in the statutes themselves. *See, e.g., Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 174-75 (2011) (Title VII); *Kastor v. Cash Express of Tenn., LLC*, ___ F. Supp. 3d ___, ___, No. 3:14-CV-432-JGH, 2015 WL 128051, at *3 (W.D. Ky. Jan. 8, 2015) (Family and Medical Leave Act); *Dembin v. LVI Servs., Inc.*, 822 F. Supp. 2d 436, 438-39 (S.D.N.Y. 2011) (Age Discrimination in Employment Act). In contrast to the broad statutes involved in the aforementioned cases, common law "tortious discharge actions are severely limited." *Sands Regent*, 105 Nev. at 440, 777 P.2d at 900. Thus, the fact that some courts have recognized statutory third-party retaliatory discharge claims does not persuade us to recognize such claims at common law.[1]

---

[1]Brown also asks this court to overrule *Pope v. Motel 6*, wherein we concluded that antiretaliation provisions in Nevada's discrimination statutes do not create a statutory cause of action for third-party
*continued on next page...*

We have only found one court that has squarely considered whether to recognize a common law cause of action for third-party retaliatory discharge.[2] *See Bammert v. Don's Super Valu, Inc.*, 646 N.W.2d 365, 367 (Wis. 2002). In *Bammert*, the plaintiff's husband, a police officer, assisted in the arrest of the plaintiff's employer's wife for driving under the influence of alcohol, and the plaintiff was discharged shortly thereafter. *Id.* Despite the compelling public policies "favoring the stability of marriage" and "requiring the diligent pursuit and punishment of drunk drivers," the court refused to recognize a common law cause of action for third-party retaliatory discharge. *Id.* at 370-72. Such a cause of action, the court explained, would "have no logical stopping point." *Id.* at 372. Therefore, the doctrine of tortious discharge in violation of public policy would "remain narrow in scope." *Id.* We find this rationale persuasive.

---

*...continued*

retaliatory discharge. 121 Nev. 307, 313-14, 114 P.3d 277, 281-82 (2005). Brown relies upon *Thompson*, wherein the U.S. Supreme Court construed a federal antiretaliation statute in Title VII. 562 U.S. at 174-75. Because Brown alleges that her termination amounted to a common law tortious discharge and does not allege that her termination violated a statute or related to discrimination, we could recognize Brown's common law claim without disturbing our holding in *Pope*. We therefore decline to overrule *Pope*. *See Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (stating that this court will not overrule precedent "absent compelling reasons for so doing").

[2]Courts in Idaho and Louisiana have expressly declined to address this issue. *Edmondson v. Shearer Lumber Prods.*, 75 P.3d 733, 739 n.3 (Idaho 2003); *Portie v. Devall Towing & Boat Serv., Inc.*, 634 So. 2d 1324, 1327 (La. Ct. App.), *rev'd in part on other grounds by* 637 So. 2d 1061 (La. 1994).

Tortious discharge requires an "employer-employee relationship." *D'Angelo*, 107 Nev. at 718, 819 P.2d at 216. We have also stated, albeit in dicta, that tortious discharge occurs "when an employer dismisses an employee in retaliation for *the employee's ... acts.*" *Id.* (emphasis added). The cases recognizing statutory third-party retaliatory discharge claims have similarly involved retaliation for acts of other employees. *See Thompson*, 562 U.S. at 174-75; *Kastor*, ___ F. Supp. 3d at ___, 2015 WL 128051 at *1, *3; *Dembin*, 822 F. Supp. 2d at 437-39. This limitation is consistent with the rule that "tortious discharge actions are severely limited," *Sands Regent*, 105 Nev. at 440, 777 P.2d at 900, and we therefore adopt this limitation here. Here, Brown has not alleged that Stagecoach ever employed Allen. Thus, this most basic requirement of an employment relationship involving Allen, the person whose acts led to the challenged retaliation, is not satisfied.

Moreover, as in *Bammert*, if we were to recognize Brown's claim, the theory of third-party retaliatory discharge would "have no logical stopping point." *Bammert*, 646 N.W.2d at 372. Allen was neither a Stagecoach employee nor under any obligation to report perceived violations of Nevada's gaming regulations to the NGCB.[3] Because "tortious discharge actions are severely limited," *Sands Regent*, 105 Nev. at 440, 777 P.2d at 900, we cannot countenance recognition of Brown's common law claim for third-party retaliatory discharge.

---

[3]The dissent in *Bammert* proposed recognizing a "narrow" cause of action for third-party retaliatory discharges that arise from "police officers acting lawfully in their capacity." 646 N.W.2d at 373 (Bablitch, J., dissenting). We neither consider nor decide whether to recognize such an exception to the rule announced herein.

SUPREME COURT
OF
NEVADA

(O) 1947A

## CONCLUSION

Although enforcing gaming laws is indisputably a compelling public policy in Nevada, we decline to recognize a common law cause of action for third-party retaliatory discharge in violation of public policy. Therefore, the district court properly dismissed the complaint for failure to state a claim pursuant to NRCP 12(b)(5), and we affirm.

_____, J.
Parraguirre

We concur:

_____, C.J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering