NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-1072


PASHINE BROUSSARD

VERSUS

OUR LADY OF LOURDES REGIONAL
MEDICAL CENTER, INC., ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20120203
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Gloria A. Angus**
**Angus Law Firm, LLC**
**P. O. Box 2337**
**Opelousas, LA 70571**
**(337) 948-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Pashine Broussard**

**Melissa Morse Shirley**
**Breazeale, Sachse & Wilson**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Our Lady of Lourdes Regional Medical Center**

**EZELL, Judge.**

Pashine Broussard appeals the decision of the trial court below granting summary judgment in favor of Our Lady of Lourdes Reginal Medical Center (hereinafter "Lourdes"), dismissing her claims of retaliatory discharge. For the following reasons, we affirm the decision of the trial court.

Ms. Broussard was employed at Lourdes as a respiration therapist. In 2006, she suffered a work place accident which resulted in injury to her back. At all times since the accident, Lourdes paid Ms. Broussard's medical bills, including bills for a surgery in 2010. After the accident, Ms. Broussard was released to light-duty, meaning that she could not perform several of the tasks required of her job, as Ms. Broussard herself admitted. However, Lourdes accommodated her restrictions in several ways, including allowing other employees to perform tasks Ms. Broussard could no longer do. Ms. Broussard and Lourdes maintained these accommodations from the time of the accident in 2006 until May of 2010. At that time, Ms. Broussard's surgeon recommended surgery for her back and took her off of work completely. Ms. Broussard met with Lourdes to discuss workers' compensation indemnity benefits, but she was ultimately told that her time to seek such benefits had expired, as four years had passed since the injury. Instead, Ms. Broussard was approved to take a leave of absence and told that she had accumulated leave time that would expire in January of 2011. Ms. Broussard signed an acknowledgement of this leave time on May 28, 2010. Ms. Broussard then filed a workers' compensation claim for indemnity benefits, which was denied on the basis of prescription. That decision is not before this court.

Ms. Broussard had back surgery in July of 2010. She was not permitted to return to work, in any capacity, by her doctor until December of that year. At that time, she was released to light-duty work but limited to four hours of work a day. Thus, she was never fully released to return to work for Lourdes, or anyone else.

When her leave time expired without her being able to return to work, Lourdes terminated her employment. Ms. Broussard then filed the current suit, alleging that the termination was in retaliation for her filing a workers' compensation claim, rather than for the expired leave. Lourdes filed a motion for summary judgment, which was granted by the trial court below. From that decision, Ms. Broussard appeals.

On appeal, Ms. Broussard asserts two assignments of error. First, she claims that the trial court erred in granting Lourdes' motion for summary judgment, where she alleges genuine issues of material fact exist. Finally, she claims that the trial court erred in reconsidering her motion for new trial, which had been granted by the trial court after the granting of Lourdes' motion for summary judgment.

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . . and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, ____ U.S. ____, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that

there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

> In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Hines [v. Garrett]*, 2004-0806 at 1, [(La. 6/25/04)], 876 So.2d [764] at 765.

*Vanner v. Lakewood Quarters Ret. Cmty.*, 12-1828, p. 6 (La. App. 1 Cir. 6/7/13), 120 So.3d 752, 755.

Louisiana Revised Statutes 23:1361(B) states that "[n]o person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter. . . . Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment." "[A]n employer is not precluded from terminating an employee who has filed a claim; he is precluded from firing the employee because of the claim." *King v. Dialysis Clinic Inc.*, 04-2116, p. 7 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 182. "To maintain an action for retaliatory discharge under La.R.S. 23:1361, the employee must prove, by a preponderance of the evidence, that he was terminated because he asserted a claim for workers' compensation benefits." *Graham v. Amberg Trucking, Inc.*, 07-573, p. 4 (La.App. 3 Cir. 10/31/07), 969 So.2d 718, 721 (citing *Penn v. La.-1 Gaming*, 06-928 (La.App. 5 Cir. 4/11/07), 954 So.2d 925). "The [workers' compensation retaliation] statute clearly provides that termination because of the employee's inability to work due to injury is not

retaliatory." *McDonald v. Television Mgmt., Inc.*, 93-2493, pp. 6-7 (La.App. 4 Cir. 9/29/94), 643 So.2d 802, 805, *writ denied*, 94-2642 (La. 12/16/94), 648 So.2d 393.

Ms. Broussard last worked for Lourdes in May of 2010 and had surgery in July of that year, which Lourdes paid for. Lourdes produced evidence that Ms. Broussard knew in May of 2010 that her accumulated leave would expire January 10, 2011. Ms. Broussard signed a form on May 28, 2010, acknowledging such. She was restricted from working at all by her doctor that same May. She never returned to work at Lourdes, or seemingly, anywhere else. In December of 2010, she was released to part-time work but limited to four hours a day by her doctor. She freely admitted in her deposition testimony that she was never released to full-time work.[1]

Lourdes produced an affidavit from Jennifer Trahan, the assistant vice-president of human resources for Lourdes. She stated that Lourdes terminated Ms. Broussard for expiration of her leave only and that *nineteen* other employees had been fired for the same reason during 2010-2011. Lourdes also produced affidavits from Paula Jenkins and Douglas Greene stating that the termination was for expired leave only and that Ms. Broussard was treated in accordance with hospital policy.

It was incumbent upon Ms. Broussard to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial, i.e. that the reason for her discharge was the filing of her workers' compensation claim. Ms. Broussard gave no such evidence of retaliation whatsoever. In fact, the evidence shows that Lourdes was very accommodating to Ms. Broussard after her injury, in several ways for a period of years, despite the fact that she could no longer perform many of her job duties. It is clear from the record that Ms. Broussard was, and remains, unable to perform the duties of her job on a full-time basis. Her termination

---

[1] In fact, Ms. Broussard was again taken off work, even at part-time status, roughly one month after her termination.

was for that fact, coupled with the expiration of all her accumulated leave time. In light of the record before this court, we find Ms. Broussard has failed to set forth any evidence in support of her claim for retaliatory discharge. As such, the trial court's granting Lourdes' motion for summary judgment was not erroneous.

Ms. Broussard next claims that the trial court abused its discretion in granting Lourdes' motion for reconsideration and dismissing her motion for new trial. Again, we disagree.

Ms. Broussard's claims in this assignment of error are puzzling at best and approaching frivolity at worst. After the trial court granted Lourdes' motion for summary judgment, Ms. Broussard filed a motion for new trial alleging that the motion for summary judgment was filed untimely. The record not only plainly shows this assertion to be incorrect, but the record also shows that Ms. Broussard failed to even serve Lourdes with her motion for new trial. The trial court initially granted the motion for new trial, apparently based on Ms. Broussard's incorrect, ex parte assertions. After Lourdes discovered the motion had been granted, it sought reconsideration and established proof of timely filing and service of the original motion for summary judgment. Thereafter, the trial court granted the motion to reconsider, denied the motion for new trial, and re-entered the granting of the motion for summary judgment. Ms. Broussard now claims, without support, that the motion for new trial granted by the trial court was a final judgment and that Lourdes' sole recourse was to seek writ review, rather than reconsideration.

"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La.Code Civ.P. art. 1841. The judgment Ms. Broussard claims was final merely granted a new trial on the motion for summary judgment. Such a judgment "does not determine any of the merits of this issue and is, therefore, interlocutory in nature." *Alvarez v. LeBlanc*, 08-247, p. 4

5

(La.App. 5 Cir. 9/30/08), 996 So.2d 517, 519. An interlocutory judgment may be reconsidered or revised upon proper motion at any time until the rendition of a final judgment. See *Magallanes v. Norfolk S. Ry. Co.*, 09-605 (La.App. 4 Cir. 10/14/09), 23 So.3d 985. The trial court not only had the authority to reconsider Ms. Broussard's motion for new trial, but, in light of the clear evidence that the motion for summary judgment was timely served and filed, the trial court was completely correct in doing so and in reversing its decision to grant the ex parte motion for new trial. This assignment of error is utterly devoid of merit.

For the above reasons, the decision of the trial court below is hereby affirmed. Costs of this appeal are hereby assessed against Ms. Broussard.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.